Leon ROBINSON, on behalf of himself and all non-exempt employees of Wild Wing Cafe both past & present who consent to representation, Plaintiff,

v.

WINGS OF ALPHARETTA, INC., d/b/a Wild Wing Cafe, Greg Dockery, Individually, Vipul Patel, Individually, and John Doe(s) Owners, Individually, Defendants.

Civil Action No. 1:11–CV–01579–SCJ–GGB.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Dec. 19, 2011.

Katrenia Charlene Goode, Goode Law LLC, Alpharetta, GA, for Plaintiff.

Justyn Dylan Alioto, Scott Robert Hoopes, Eckhart Blackert, Mills & Hoopes, LLC, Lawrenceville, GA, for Defendants.

## *ORDER*

GERRILYN G. BRILL, United States Magistrate Judge.

This Fair Labor Standards Act ("FLSA"), Title VII and Section 1981 matter comes before the Court on Plaintiff Leon Robinson's Rule 4 Motion to Recover Fees for Service of Process and Motion for Extension of Time for Rule 26(f) Conference (Doc. 11); Defendant Vipul Patel's Motion for Rule 11 Sanctions (Doc. 17); Plaintiff's Motion for Leave to File Further Response to Defen-

dant Patel[']s Reply to Response to his Rule 11 Motion (Doc. 33); and Plaintiff's Motion for Leave to File a Further Response to Reply (Doc. 38). For the reasons stated below, the referenced motions (Docs. 11, 17, 33, 38) are DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Leon Robinson (African–American) (hereinafter "Plaintiff" or "Robinson") worked as a prep cook at the Wild Wing Cafe from June 21, 2010 until he was terminated on August 4, 2010. (Doc. 1, Compl., ¶ 6). Plaintiff alleges generally that during the course of his employment, he worked over forty hours per week on several occasions, but was not paid the overtime wage differential required under the FLSA, 29 U.S.C. § 207. (Id. ¶¶ 17, 21). Plaintiff further alleges that the restaurant used two systems for clocking in and tracking hours worked: (1) the "Aloha" system clocked employees in by number and name; and (2) the second system was a single button system which clocked in the user by a single I.D., and tracked hours which were worked but for which the employee would not be paid. (Id. ¶ 23). Plaintiff alleges that the restaurant's general manager, Gregory Dockery, required that the second system be used to avoid work hours exceeding forty hours a week. Plaintiff asserts that if the "Aloha" hours exceeded forty hours, Dockery manually adjusted them. Id.

Plaintiff further alleges that Wild Wing Cafe discriminated against him, on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"), when it terminated him after he showed up minutes late for work on two occasions, whereas similarly situated white employees, including Manager Kelly Lindberg's boyfriend and kitchen worker, Dylan Fracek, were frequently late, but were never terminated. (Compl. at 9–10).

Plaintiff filed his initial complaint in federal court on May 14, 2011, alleging violations of the FLSA, Title VII and § 1981. The front page of Plaintiff's complaint also made a passing reference to a violation of O.C.G.A. § 34–7–2, Georgia's Labor Law.

On August 3, 2011, Defendant Vipul Patel (who Plaintiff alleges is one of the owners and officers of Wings of Alpharetta, Inc.) filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim. Wings of Alpharetta, Inc. filed a motion to dismiss, pursuant to Rule 12(b)(6), on August 25, 2011. Greg Dockery, who was not served until September 16, 2011, timely filed his motion to dismiss on October 6, 2011, pursuant to Rules 8(c), 12(b)(1) and 12(b)(6). (Doc. 25). On October 3, 2011, all three Defendants filed what they call "supplements" to their motions to dismiss (Docs. 23, 24, 26), bringing to the Court's attention a case filed in this court by a different plaintiff (Charles W. Goode) against the same defendants (Civil Action File No. 1:11–cv–01337–WSD–CCH [hereinafter, the "Goode case"] ), and a non-final report and recommendation issued in that case by U.S. Magistrate Judge C. Christopher Hagy.

Plaintiff filed responses in opposition to Defendants' motions to dismiss. Plaintiff also filed a motion for leave to file an amended complaint, with an attached proposed first amended complaint and exhibits (Doc. 27). The first amended complaint asserts four claims: (1) violation of the overtime wage requirement of the FLSA against all of the Defendants, individually and collectively, jointly and severally (Doc. 27–1, Am. Compl., ¶¶ 41–42); (2) violation of Georgia's Labor Law minimum wage requirement against all of the Defendants, individually and collectively, jointly and severally (id. ¶¶ 43–44); (3) disparate treatment and discriminatory termination on the basis of race, in violation of Title VII, and (4) in violation of § 1981, solely against Defendant Wings of Alpharetta, Inc. (Id. ¶¶ 50–58).

On December 16, 2011, this Court granted Plaintiff's motion for leave to file an amended complaint, denied as moot Defendants' motions to dismiss, and directed the clerk to docket Plaintiff's proposed first amended complaint. This case is now before the Court on the remaining motions pending in

this case. The motions have been briefed and are ripe for consideration.

## II. *DISCUSSION*

### A. Plaintiff's Motion to Recover Service of Process Costs

Plaintiff moves the Court to require Defendants to reimburse Plaintiff for the costs and expenses that Plaintiff has incurred making formal service on each of the Defendants after Defendants allegedly failed to waive service of the summons. (Doc. 11). Plaintiff contends that his counsel sent waivers of service of summons to counsel for the Defendants, but defense counsel "has yet to return any of the waivers of service of Summons for any of the Defendants in the instant case." (Doc. 11–1 at 6).

Rule 4(d)(1) of the Federal Rules of Civil Procedure provides that:

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;

(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of

the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed.R.Civ.P. 4(d)(1). If the defendant, without good cause, fails to sign and return a waiver requested by a plaintiff located within the United States, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those services." Fed.R.Civ.P. 4(d)(2).

■ Here, Plaintiff's motion, for the most part, pertains to Plaintiff's counsel's series of attempts to send waivers of service of summons in the Goode case—not the Robinson case. In the Goode case, the plaintiff apparently is Plaintiff Robinson's counsel's brother, Charles W. Goode, a former Wild Wing Cafe employee. (*See Charles W. Goode v. Wild Wing Cafe, et al.*, Case No. 1:11–cv–01337–WSD–CCH). The defendants in the Goode case are represented by the same attorney as in this case, Scott Robert Hoopes. All of the attachments to Plaintiff's motion to recover service of process fees, including a string of emails between Hoopes and Katrenia Goode (Plaintiff's counsel), an affidavit of diligence from Berhane Tassaw, a process server, and even the first page of Plaintiff's motion in this case expressly refer to the Goode case, rather than the Robinson case. Plaintiff has provided no explanation for why these documents have any relevance to the motion currently before this Court.

In Defendants' response in opposition to Plaintiff's motion to recover fees for service of process, attorney for the Defendants, Scott Hoopes, states that despite Plaintiff's statements to the contrary, the only waiver packet that Hoopes ever received in the Leon Robinson case was a waiver for Defendant Wings of Alpharetta, Inc. and that waiver packet did not include a copy of Plaintiff Robinson's complaint. (*See* Doc. 14 at 4; *see also* Affidavit of Steven M. Mills, Esq. ("Mills Aff."), partner and member of Mills & Hoopes, LLC, Doc. 14–2 at ¶¶ 4–6). Defendants argue, therefore, that Plaintiff is not entitled to recover service of process fees for any of the Defendants because Plaintiff failed

to comply with Rule 4(d) of the Federal Rules of Civil Procedure; in addition, Plaintiff never sent properly formatted waivers and accompanying copies of Plaintiff's complaint at all to Defendants Greg Dockery and Vipul Patel.

In support of his motion to recover his service of process costs, Plaintiff has attached an affidavit from his process server, Berhane Tassaw, averring that when Tassaw attempted to serve the summons and complaint on Greg Dockery through his attorney, Scott Hoopes, "Defense counsel Hoopes refused to accept service on behalf of his client Greg Dockery." (Doc. 11-3 at 1). However, Defendants state—and a review of Tassaw's affidavit shows—that the affidavit bears the case number of the Goode case and pertains to the process server's attempt to serve the summons and complaint on Greg Dockery in the Goode case, not the Robinson case. Moreover, Defendants have attached an affidavit from Steven Mills, an attorney in Hoopes' law firm, stating that Tassaw spoke to Mills, not Hoopes, when Tassaw attempted to serve the summons and complaint, and that Mills informed Tassaw that Mills was not Greg Dockery, he was not attorney of record for the Goode case, and he had no authority to accept service on behalf of Dockery. (Mills Aff., Doc. 14-1, ¶¶ 3-4).

Although Plaintiff argues that he properly prepared and sent his waivers in this case, and cites as circumstantial evidence the fact that additional former defendants in the Goode case returned their waivers of service—the fact that other defendants in a different case received and returned waivers has no bearing on what occurred in the Leon Robinson case.

As Plaintiff has not made a sufficient showing that he satisfactorily complied with Rule 4(d)(1) or that Defendants, without good cause, failed to sign and return proper waivers as requested by Plaintiff, Plaintiff's motion to recover fees for service of process (Doc. 11) is DENIED.

In this Court's separate order addressing Plaintiff's motion for leave to amend his complaint and the Defendants' motions to dismiss, the Court ordered the parties to conduct their Rule 26(f) conference, and to file their initial disclosures and joint preliminary report and discovery plan within thirty days of the date of the order. Accordingly, Plaintiff's request for a thirty-day extension of the time in which to conduct the Rule 26(f) conference (Doc. 11) is DENIED AS MOOT.

## B. Defendant Patel's Motion for Rule 11 Sanctions

In Defendant Patel's motion for Rule 11 sanctions (Doc. 17), Patel contends that Plaintiff has violated Rule 11 of the Federal Rules of Civil Procedure by naming Patel as an individual defendant in Plaintiff's original complaint, by failing to assert any specific factual allegations concerning Patel individually, and by refusing to dismiss Patel as a defendant, despite being put on notice by Patel that Plaintiff has not asserted any factual or legal contentions that Patel committed any wrongdoing. (Doc. 17-1). Plaintiff opposes Patel's motion for sanctions.

Rule 11(b) provides as follows:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). Subsection (c) provides that, "[i]f, after notice and a reasonable op-

portunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed.R.Civ.P. 11(c).

In this case, Leon Robinson, a former Wild Wing Cafe employee, has sued his former employer, Wings of Alpharetta, Inc. d/b/a Wild Wings Cafe, Vipul Patel (who is listed on the Georgia Secretary of State's website as the registered agent and Chief Executive Officer of Wings of Alpharetta Inc.)[1], and Greg Dockery, the general manager of the Wild Wings Cafe, for violations of the Fair Labor Standards Act. Patel argues that Plaintiff's naming him as a defendant is unwarranted under existing law and is based on factual contentions that have no evidentiary support. (Doc. 17–1 at 2).

In response, Plaintiff argues that Defendant Patel—by virtue of his status as owner and executive officer of Wings of Alpharetta, Inc., and the named party on the restaurant's liquor license, and Patel's active involvement in the details of the running of the restaurant—is an employer within the meaning of the FLSA. The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). As Vipul Patel himself has cited, "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *See Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir.2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986) (internal quotation marks and citation omitted)). The Eleventh Circuit has stated that "in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsi-

bility for the supervision of the employee.' " *Id.*

Rule 11 incorporates an objective standard. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir.2003) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987)). Hence, courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *Id.* (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir.2002)). In this circuit, three types of conduct warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993) (citation omitted).

██ Because this case is still at the motion-to-dismiss stage, and discovery has not yet commenced, there is no evidentiary basis in the record at present to conclusively establish, prove (or disprove) that Patel exercised enough control over Wings of Alpharetta, Inc. d/b/a Wild Wings Cafe for him to be treated as an employer under the FLSA. However, in view of the facts and law as currently presented to this Court, the Court does not find that Plaintiff's FLSA claim against Patel is objectively frivolous or without any reasonable factual basis, or that Plaintiff filed his FLSA claim against Patel in bad faith for an improper purpose.

Accordingly, for the reasons stated, Defendant Patel's Motion for Rule 11 Sanctions (Doc. 17) is DENIED. Plaintiff's request (contained in his response brief) that sanctions instead be imposed against Defendant Patel is also DENIED.

Moving forward, the Court cautions all of the parties to confine and conform their arguments and pleadings filed in this action to the procedural and substantive facts and law

---

1. *See* Georgia Secretary of State, Corporations Division, http://www.sos.ga.gov/corporations/ (last visited Dec. 15, 2011).

applicable to the claims asserted by the plaintiff in this case, Leon Robinson. Arguments, affidavits, documents and pleadings filed on behalf of Charles Goode will not be considered. Failure to comply with this Court's order may result in a recommendation that sanctions be imposed, including dismissal of the case or entry of a default judgment. *See* Local Rules 16.5 and 41.3(A)(2), NDGa.; Fed.R.Civ.P. 41(b).

### III. *CONCLUSION*

For the reasons stated above, Plaintiff's Rule 4 Motion to Recover Fees for Service of Process (Doc. 11) is **DENIED.** Plaintiff's Motion for Extension of Time for Rule 26(f) Conference (Doc. 11) is **DENIED AS MOOT.** Defendant Vipul Patel's Motion for Rule 11 Sanctions (Doc. 17) is **DENIED,** as is Plaintiff's request for sanctions improperly contained within his response brief to Defendant Patel's motion for sanctions. Plaintiff's Motions for Leave to File a Further Response to Defendant Patel's Reply to Response to his Rule 11 Motion (Docs. 33, 38) are **DENIED.**

For all future filings, Plaintiff is **DIRECTED** to comply with all of this Court's Local Rules (available on the Court's website), including, but not limited to, the page, type, length, font and format requirements of Local Rules 5 and 7, and the requirements in Local Rule 16. Failure to do so may result in the Court declining to consider any motion or brief that fails to conform to the requirements of the Local Rules. LR 7.1(F), NDGa.